IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KENNETH D. HENDERSON,            )
                                 )
            Petitioner,          )
                                 )
      v.                         )     1:07CV790
                                 )
ROBERT COOPER, Superintendent,   )
Avery/Mitchell Corr. Center,     )
                                 )
            Respondent.          )

## MEMORANDUM OPINION AND ORDER

**Eliason, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 16, 2006, Petitioner pled guilty in Alamance County Superior Court to habitual impaired driving and, pursuant to the terms of his plea bargain, he was sentenced to 27-33 months imprisonment in case 06-CRS-53331. Petitioner did not appeal, but on June 1, 2007, he filed the first of many pro se post-conviction filings in the state courts. His initial filing, a motion for appropriate relief ("MAR") filed in Alamance County Superior Court, was summarily denied by that court on June 4, 2007. Petitioner then filed a pro se certiorari petition in the North Carolina Court of Appeals on June 18, 2007. That court denied certiorari on June 29, 2007. Petitioner's next filings, a "Motion to Compel" and a "Motion to Vacate the Plea and Judgment Imposed in the Above Captioned Case," were summarily denied by the Alamance County Superior Court on July 31, 2007 and August 22, 2007, respectively. Thereafter, Petitioner

filed a pro se notice of appeal and a pro se certiorari petition in the North Carolina Court of Appeals. The court denied both of these filings in a single order on September 10, 2007. However, during their pendency, Petitioner also filed a certiorari petition in Alamance County Superior Court. When this, too, was denied, he filed the federal habeas petition now before the Court.

### Petitioner's Claims

In this Court, Petitioner raises four closely-related and often overlapping grounds for relief. First, he contends that he received ineffective assistance of counsel due to counsel's failure to move to suppress his past convictions, and that his due process and equal protection rights were violated by counsel's stipulation to the terms of the plea bargain. Second, he claims that he received ineffective assistance of counsel at the sentencing phase, again due to counsel's failure to move to suppress his past crimes. Petitioner specifically argues that (1) these additional convictions were used to enhance his prior record level in violation of due process and equal protection, (2) the state failed to provide discovery to correct the prior record level worksheet, and that (3) neither Petitioner, nor the trial court, nor the state agreed to the accuracy of the prior record level worksheet, in violation of various constitutional rights. Third, Petitioner contends that the prior record level worksheet was materially and factually defective and that the indictment failed to give notice and discovery. Because of these alleged flaws, he argues that the trial court lacked jurisdiction in violation of due process and

equal protection. Finally, Petitioner claims that the state failed to provide notice of its intent to offer certain evidence and that he was prejudiced when he was unable to meet that evidence. Respondent moves for summary judgment on all of Petitioner's claims.

## **Standard of Review**

If the Court finds that Petitioner's claims were adjudicated by the state courts on their merits, it must then apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to Petitioner's claims. Under that standard, habeas relief cannot be granted in cases where a state court has considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts. A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 413. "Unreasonable" is not the same as "incorrect" or "erroneous," and the

reasonableness of the state court's decision must be judged from an objective, rather than subjective, standpoint. <u>Id.</u> at 409-410. A holding is not reasonable simply because precedent written by one of the Nation's jurists agrees with it. <u>Id.</u> As for questions of fact, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In the present case, despite Petitioner's failure to exhaust, the state courts addressed and denied each of Petitioner's claims on their merits. Therefore, the strict standards for review set out above apply to the Court's analysis.

## **Discussion**

As detailed above, the petition in this case lists four separate claims for relief. However, all of these claims, at their core, allege prejudice to Petitioner based on errors in his prior record level worksheet. Therefore, to avoid repetition, the Court will address these claims in tandem where significant overlap exists.

Both Petitioner's first and second claims allege ineffective assistance of counsel. Such claims are evaluated using a two-part test:

> In order to establish an ineffective assistance of counsel claim . . . [a petitioner is] required to establish that his "counsel's representation fell below an objective standard of reasonableness," measured by the "prevailing professional norms," [citing <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984)], and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," <u>id.</u> at 694, 104 S.Ct. 2052.

-4-

Fisher v. Lee, 215 F.3d 438, 446-447 (4th Cir. 2000).  In the guilty plea context, a Petitioner must meet the second part of this test by showing that, absent counsel's alleged error, an objectively reasonable person in his situation would not have pled guilty and would have insisted upon going to trial.  See Hill v. Lockhart, 474 U.S. 52 (1985).  Furthermore, mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.  Green v. Johnson, 160 F.3d 1029 (5th Cir. 1998).

Here, Petitioner claims that his trial counsel was prejudicially deficient by failing to move to suppress Petitioner's prior convictions in the California state courts and by failing to advise Petitioner that he had a right to suppress these convictions.  Petitioner also contends that counsel erred in stipulating to the terms of a plea bargain based on a prior record level including his California convictions.  These claims ultimately fail.  Petitioner offers nothing beyond conclusory allegations that his attorney's performance was in any way deficient, let alone that such performance prejudiced him.

Most significantly, there is no evidence that the inclusion of Petitioner's California convictions, or the resulting determination that his prior record level was 5, was in error.  In fact, Petitioner specifically agreed to be sentenced as a level 5 felon in his negotiated plea bargain.  In return for this concession, the state stipulated that Petitioner be sentenced in the mitigated range.  Because he was thereafter sentenced to 27-33 months, rather

than the 59 months he could have otherwise received, there is no question that Petitioner got exactly what he bargained for.

In addition, by stipulating to a prior record level 5 in his plea agreement, Petitioner mooted the issue of whether this record level was correctly determined. State v. Hamby, 129 N.C. App. 366, 369-370, 499 S.E.2d 195 (1998). On federal habeas review, Petitioner can only challenge the voluntariness of his plea, not the alleged constitutional violations antecedent to it. See Tollett v. Henderson, 411 U.S. 258 (1973). To the extent that Plaintiff now argues that, at the time of his plea, he was not informed (1) that his prior convictions would be used to enhance his sentence or (2) that his counsel could have moved to suppress those convictions, these allegations fail to show that his plea was somehow involuntary. Notably, the record, including the signed transcript of the plea agreement, belie Petitioner's assertion that he was ill-informed at the time of his plea. Further, the state court considered these contentions in Petitioner's MAR and found no error. Thus, the strict standards mentioned previously for reviewing state court decisions clearly apply to the evaluation of these claims. Petitioner has produced no evidence, let alone clear and convincing evidence, that the state court's decision was contrary to established federal law or was based on an unreasonable interpretation of the facts. Absent such evidence, Petitioner's ineffective assistance claims must be dismissed.

Similar rationale also necessitates dismissal of Petitioner's remaining claims. These claims involve alleged defects in the

-6-

indictment and the prior record level worksheet, as well as Respondent's alleged failure to provide "notice and discovery." As stated above, these contentions are merely slight permutations of Petitioner's other claims; the basis for each of them is that Petitioner's lack of knowledge regarding these problems caused him to accept a plea bargain he would otherwise have refused. However, as with the ineffective assistance claims, both the plea transcript and the state court's earlier decisions firmly contradict Petitioner's allegations. Petititoner simply fails to offer any evidence that the state court's decision was contrary to established federal law or was based on an unreasonable interpretation of the facts. In light of this finding, the Court has no choice but to deny Petitioner's remaining claims.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment (docket no. 4) is granted, that the habeas petition (docket no. 1) is denied, and that this action be, and the same hereby is, dismissed.

_____
**United States Magistrate Judge**

September 23, 2008